UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAILEY SILVERMAN AND LOUIS SILVERMAN § § § § *Plaintiffs,* § § V. § § WATSON LABORATORIES, INC. - § FLORIDA AND WATSON PHARMA, INC. § § *Defendants.* § | CIVIL ACTION NO. 4:10-cv-01952 JURY |

## AGREED PROTECTIVE ORDER

Before the Court is Plaintiffs' and Defendants' Joint Motion for Entry of Agreed Protective Order ("Order"). To facilitate the flow of discovery by adequately protecting materials the parties claim is confidential and proprietary and to avoid unnecessary discovery disputes, it is hereby ORDERED that the Joint Motion for Entry of Agreed Protective Order is granted.

It is further ORDERED:

1. Except as otherwise provided herein, all information produced or discovered in this litigation, whether or not designated confidential pursuant to this Order, shall be used solely for the prosecution or defense of this litigation, including appeals and retrials. No such information may be used for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings unless that information has become publicly available without a breach of the terms of this Order.

2. To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing confidential information (as defined herein) to the parties in this litigation, imposes obligations upon persons receiving confidential information to protect it from unauthorized use or disclosure, and establishes a procedure for challenging confidentiality designations.

3. Subject to the protections provided in the Federal Rules of Civil Procedure, this Order covers information and documents that the disclosing party or non-party designator (as discussed in paragraph 6 below) designates "CONFIDENTIAL."

4. The designation "CONFIDENTIAL" shall be limited to information and documents that the designator reasonably believes to contain trade secrets, or other confidential or proprietary research, development, manufacturing or commercial or business information. Without prejudice to the right of a producing party to object to the production of the following information or of the requesting party to seek production, the information subject to such designation may include, but is not necessarily limited to, the producing person's:

      a. Customer names;
      b. Proprietary licensing, distribution, marketing, design, development, research and manufacturing information regarding products and medicines, whether or not currently marketed;
      c. Clinical studies;
      d. Information concerning competitors;
      e. Production information;
      f. Personnel records and information;
      g. Financial information not publicly filed with any federal or state regulatory authorities; and
      h. Information submitted to the FDA or other governmental agency, that under applicable regulations is exempt from disclosure under the Freedom of Information Act.

5. The parties are entitled to designate documents that they have a good faith belief should be kept confidential by stamping "CONFIDENTIAL" on every page thereof.

6. Individuals and entities who are not parties to this action ("non-party designators") may "opt-in" to this Order and are entitled to designate documents they have a good faith belief should be kept confidential by stamping "CONFIDENTIAL" on every page thereof.

7. For purposes of this Order the term "document" means all written, recorded, electronically readable or graphic material, whether produced or created by a party or another person, whether produced pursuant to a document request, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as confidential documents, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

8. Except for documents produced for inspection at a designator's facilities or counsel's offices, and except with respect to depositions as set out in paragraph 19 below, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

9. If documents are produced for inspection at a designator's facilities, such documents may be produced for inspection before being marked as confidential information. Once specific documents have been selected for copying, any documents

containing confidential information will then be designated "CONFIDENTIAL" after copying but before delivery to the party who inspected and selected the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked "CONFIDENTIAL" under this procedure. In the event that any inspecting person participating in an initial review of documents produced at the producing party's facilities or at the offices of the producing party's counsel makes notes or abstracts of the documents or information in the documents, that inspecting person shall maintain the confidentiality of those notes or abstracts until such time as the documents are (or are not) designated as "CONFIDENTIAL" after their copying for delivery. Each such inspecting person shall treat in a manner consistent with the terms of this Order all notes or abstracts of documents designated "CONFIDENTIAL" after such copying.

10. In the event that the non-designating party disagrees with the designation by a designating party, the non-designating party shall provide the designating party written notice and afford the designating party opportunity to voluntarily remove such designation. The designating party shall, within thirty (30) days of the receipt of such notice, either voluntarily remove the designation or take action with the Court to maintain the confidentiality. The burden of demonstrating the documents that are challenged are confidential is on the designating party. In the event, the designating party does not take action with the Court within the 30-day period, the non-designating party may file an appropriate Motion with the Court. However, the designating party will still have the burden of demonstrating the documents are confidential. Any motion filed in connection with this provision shall follow the provisions set forth in paragraph 20. In

the event of a challenge, the confidentiality of a document shall be determined by the Courts based on the arguments of counsel, the nature of the document, and the applicable authorities and law. The confidentiality information shall be treated as such pending a ruling by the Court.

11. The fact that a designator has designated a document or information as protected by this Order shall have no evidentiary significance, and said designation may not be used at a hearing or at trial for any purpose. A party's failure to object to a designation likewise shall have no evidentiary significance and shall not constitute an admission that such document or information is in fact confidential information.

12. Except with the prior written consent of the designator, or as hereinafter provided under this Order, no information or document designated "CONFIDENTIAL" may be disclosed to any person.

13. Notwithstanding the foregoing provisions, documents and information designated "CONFIDENTIAL" may be disclosed to:

(a) the parties or members or employees of trial counsel's firm engaged in the preparation for any hearing or trial in this action;

(b) subject to paragraph 15, third-party contractors and their employees retained for the purpose of assisting counsel in the litigation;

(c) court reporters in the performance of their official duties, as well as persons operating video equipment at depositions;

(d) this Court, including Court personnel;

(e) subject to paragraph 15, expert witnesses or consultants who are retained by any non-designating party solely for purposes of this litigation and who are not and shall not become employees of a receiving party; provided, however, that in no event shall disclosure be made to any expert or consultant who is a competitor of the designator or who, upon reasonable and good faith inquiry, could be determined to be an employee or consultant of any competitor of the designator;

 (f) subject to the provisions of the paragraph 14, in-house counsel for the parties and their parent corporations, if any, and their secretarial, clerical, paralegal and other supporting personnel;

 (g) any Arbitrator or Mediator to whom the parties have agreed to present the issues in this case for arbitration or mediation;; and

 (h) subject to paragraph 15, any other person upon the prior written consent of the producing party or upon order by the Court.

14. In-house legal personnel of non-designating parties identified in the preceding paragraph may retain copies of documents designated or containing confidential information of a producing party only in a location exclusively within their control (e.g., in a secure office or file cabinet) or in a location that is controlled by outside counsel.

15. Those persons identified in paragraphs 13(b), (e), and (h) to whom confidential information is disclosed, shall be required by the disclosing party prior to disclosure to read this Order, to agree in writing to be bound by its terms and conditions, and to subject themselves to the jurisdiction of this Court for the purpose of contempt proceedings if they violate this Order. Each such person shall execute an acknowledgment in the form attached to this Order as **Exhibit A**, prior to being given access to confidential information. Counsel for the party disclosing the confidential information shall maintain these written certifications, and they shall be available to opposing counsel for inspection upon order of the Court, including after termination of the litigation. The provisions of this paragraph shall survive final termination of this action.

16. In the event that a receiving party desires to provide access to confidential information to any person not entitled to such access under this Order, the receiving party shall first request in writing an agreement to do so from the designator. If the

designator refuses to enter into such an agreement within ten (10) business days, the receiving party may move the Court for an order that such person be given access. If the motion is granted, such person may have access to confidential information only after first signing an undertaking in the form of **Exhibit A**, a copy of which shall be forwarded promptly to counsel for the producing party, or under such other conditions as the parties to this action may agree or this Court may order.

17. All persons who receive confidential information under any provision of this Order shall keep all such information and materials within their exclusive possession and control, shall take all necessary, reasonable, and prudent measures to maintain the confidentiality of such materials or information, and shall not permit or participate in unauthorized dissemination of such materials to anyone.

18. Confidential information may be used by any party at any deposition in this action provided that the terms of this Order, including the restrictions on who may have access to such information, as set forth in paragraphs 12 through 17 shall apply.

19. Parties may, at the time of the deposition or within 30 days after receiving a copy of the transcript of such deposition, designate parts or pages of the transcript (and exhibits thereto) as "CONFIDENTIAL." Until expiration of the 30-day period, the entire deposition shall be automatically designated "CONFIDENTIAL" and will be treated as subject to protection against disclosure under this Order. Confidential information within the deposition transcript may be designated by (1) requesting the court reporter to mark the page(s) that are confidential with "CONFIDENTIAL" or (2) underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL" and faxing a copy of the designation to the non-

designating party within 30 days of receiving the transcript. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential information. If a timely designation is made, the confidential portions and exhibits shall be subject to the terms of this Order and, if any are filed with the Court, shall be filed under seal separate from the portions and exhibits not so marked.

20. Nothing in this Order shall prevent a party from using at trial or hearing or during a deposition, or in connection with briefs or other papers filed with the Court, any confidential information, except that any such use shall not expand the persons to whom such documents or information may be disclosed pursuant to this Order. Any confidential information, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, that is filed with or otherwise submitted to the Court shall be filed under seal, and the clerk of this Court is directed to maintain such material under seal. Each such document containing such information shall be filed in a sealed envelope that shall be marked with the caption and docket number of this action, the name(s) or general description(s) of the document(s) contained therein, and the following notice:

## CONFIDENTIAL
## PROTECTED BY COURT ORDER

> This envelope contains Confidential Information subject to a Protective Order. The information and data contained in this envelope are protected against any use, disclosure or display by order of the Court. This envelope may not be opened for any purpose whatsoever except by order of the Court.

Moreover, any such document filed with the Court shall be stamped as "Confidential: Subject to Protective Order" on the first page. Prior to the use of confidential

information at trial or a hearing, the parties will discuss with the Court appropriate procedures to prevent disclosure of confidential information. Confidential information shall not become a part of the public record except upon the written consent of the designating party or unless permitted by this Court.

21. If another court or an administrative agency subpoenas or orders production of confidential information, which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the information as "CONFIDENTIAL" of the pendency of such subpoena or order.

22. The provisions of this Order shall not terminate at the conclusion of this action. Within 60 days after final conclusion of all aspects of this litigation, confidential information and all copies, duplicates, extracts, summaries or descriptions of same (other than exhibits of record), collectively referred to as "copies," shall be returned upon the written request and at the expense of the designating party. Summaries, descriptions or other materials reflecting attorney work product, which contain a party's confidential information, may be destroyed in lieu of being returned, as may any other materials containing confidential information as to which the parties so stipulate. Trial counsel for each party may retain, consistent with the requirements of this Order, one copy of each deposition transcript taken in this case notwithstanding that portions of the transcript are designated "CONFIDENTIAL."

23. Nothing in this Order shall prevent any party or other person from seeking modification of this Order, or from objecting to discovery that it believes to be otherwise improper, and the Court may modify this Order at any time.

24. Nothing in this Order shall prevent a party from using or disclosing its own information as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order.

25. Nothing in this Order shall prevent a party from seeking additional protection from the Court, with respect to specific items as to which it believes are or may not adequately be protected by the terms hereof.

26. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of documents designated "CONFIDENTIAL" and shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such documents. Such documents may be photocopied but all such copies shall retain protected status and shall be subject to the provisions of this Order.

27. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of confidential information; provided, however, that in rendering such advice the attorney shall not disclose any confidential information received from another party or third party to unauthorized persons.

28. The disclosure and/or production of any information without the designation provided herein shall constitute a waiver of any claim of confidentiality, except where such undesignated disclosure or production resulted from inadvertence or mistake on the party of the producing party and such inadvertence or mistake is brought to the attention of the receiving party promptly after its discovery. Along with the notice of such inadvertent or mistaken undesignated disclosure or production, the producing

party shall provide properly designated information if applicable. Upon receipt of such notice and properly designated information, if applicable, the receiving party shall substitute properly designated copies for those previously received, shall return to the Designator or destroy the previously produced undesignated information, and shall treat the information contained in or derived from said replaced documents and/or tangible items as confidential information.

29.  Should any confidential information be disclosed by a receiving party to any person not authorized to have access to such information under this Order, the receiving party shall: (a) use its best efforts to obtain the prompt return of any such confidential information and to bind such person to the terms of this Order; (b) within three business days of the discovery of such disclosure, inform such person of the provisions of this Order and identify such person to the designating party; and (c) request such person to sign an undertaking the form of **Exhibit A** attached hereto. The requirements set forth in this Paragraph shall not prevent the designating party from applying to the Court for further or additional relief.

30.  Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents, or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other identified applicable privilege or immunity, identifying where the privileged or

immune material was redacted with the designation "RP" (Redacted-Privilege) or other reasonably informative designation.

31. If a producing party inadvertently or mistakenly produces information, documents or tangible items in this action that should have been withheld subject to a claim of attorney-client privilege, work product immunity, or other applicable privilege or immunity, such production shall not prejudice such claim or otherwise constitute a waiver of any claim of privilege or immunity for such information, provided that the producing party promptly makes a good-faith representation that such production was inadvertent or mistaken and takes prompt remedial action to withdraw the disclosure. Within three business days of receiving a written request to do so from the producing party, the receiving party shall return to the producing party all documents or tangible items that the producing party represents are covered by a claim of privilege or immunity and were inadvertently or mistakenly produced. The receiving party shall also destroy all copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information; provided, however, that this Order shall not preclude the party returning such information from making a motion to compel production of the returned information. The producing party shall retain copies of all returned documents and tangible items for further disposition.

32. The restrictions and obligations set forth in this Order relating to confidential information shall not apply to any information that: (a) the parties agree, or the Court rules, is already public knowledge or has been deemed by the Court to not be confidential; (b) the parties agree, or the Court rules, has become public knowledge other than by a disclosure by a receiving party; or (c) has come or hereafter comes into

the receiving party's legitimate possession without any confidentiality restrictions and independently of the designating party. The restrictions and obligations set forth in this Order shall not prohibit discussions with any person or entity regarding any confidential information if said person or entity already has or had legitimate possession thereof, but this sentence does not relieve any such person or entity from any obligation regarding confidentiality, including any court order, binding on such person or entity with respect to that confidential information and does not otherwise modify the terms of this Order.

33.   This Order recognizes that, in producing information and documents in this lawsuit, whether or not such information or documents are designated confidential under the terms of this Order, a defendant may redact information regarding patients and or medical personnel protected from disclosure under multiple federal and state statutory and regulatory schemes ("Medical-Protected Information"). Documents containing Medical-Protected Information shall be produced with such Medical-Protected Information wholly redacted from the documents. With respect to any such documents made available for inspection at facilities of a defendant or at offices of a defendant's counsel, such masking of Medical-Protected Information may be done after inspection and selection of particular documents by the requesting party, and in proceeding in that manner, defendants do not violate the rights of any person whose Medical-Protected Information is at issue. In examining any documents containing Medical-Protected Information prior to the masking of such information as set out above, no person representing the requesting party, including counsel, consultants, or experts, shall write down, record, or in any way document, for later use in this litigation or otherwise, any Medical-Protected Information.

34. Nothing in this Protective Order shall relieve any former employee of any producing party or third person of any previous existing obligations to maintain in confidence information or documents obtained in the course of his or her employment.

35. After the termination of these matters, the provisions of this Protective Order shall continue to be binding.

36. The parties agree that the United States District Court for the Southern District of Texas shall have jurisdiction over the parties, their attorneys, experts, and persons authorized under this Order to receive Confidential Information for enforcement of the provisions of the Protective Order following the termination of this litigation and, by the parties' stipulation to this Protective Order, hereby consent to the Court's jurisdiction.

37. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

38. The Parties, through their counsel of record, acknowledge that the mutual obligations contained herein is good and sufficient consideration for this Order, and agree to be bound by the promises contained herein whether or not the Court signifies its approval below.

Date: May 6, 2011

BY THE COURT:

[signature]

United States District Judge

APPROVED:

| | |
|---|---|
| *(signature)*<br>John T. Boundas<br>Texas Bar No. 00793367<br>USDC Southern Bar No. 25155<br>Williams Kherkher<br>8441 Gulf Freeway, Suite 600<br>Houston, TX 77017-5051<br>713-230-2359<br>Fax: 713-643-6226<br><br>*Attorney for Plaintiff* | *(signature) Craig Ribbeck (by permission MW)*<br>Craig K. Ribbeck<br>Texas Bar No. 24009051<br>The Ribbeck Law Firm<br>6363 Woodway, Suite 565<br>Houston, Texas 77057<br>713-621-5220<br>Fax: 713-572-1507<br><br>*Attorney for Plaintiff* |
| *(signature)*<br>MICHAEL A. WALSH<br>State Bar No. 00790146<br>USDC Southern Bar No. 21846<br>**CAROL D. WILLIAMSON**<br>State Bar No. 00787385<br>USDC Southern Bar No. 17314<br>**STRASBURGER & PRICE, LLP**<br>901 Main Street, Suite 4400<br>Dallas, Texas 75202<br>(214) 651-4300<br>(214) 651-4330 (Facsimile)<br><br>*Attorneys for Defendant*<br>*Watson Laboratories, Inc. – Florida and*<br>*Watson Pharma, Inc.* | |

## EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAILEY SILVERMAN and LOUIS SILVERMAN § § § § Plaintiffs § § V. § WATSON LABORATORIES, INC.- § Florida, and WATSON PHARMA, INC. § § Defendants. § | CASE NO. 4:10-cv-1952 |

I, _____, hereby certify my understanding that Confidential Discovery Materials are being provided to me pursuant to the terms and restrictions of an Order entered by the United States District Court, Southern District of Texas, in connection with the action entitled *Bailey Silverman and Louis Silverman v. Watson Laboratories, Inc. – Florida and Watson Pharma, Inc.*, Civil Action No. 4:10-cv-1952.

I further certify that I have been provided a copy of and have read the Order. I understand that the Order prohibits me from either using or disclosing Confidential Discovery Materials for any purpose other than as set forth in and pursuant to the Order entered by the Court. I understand that violation of the Order may be punishable as contempt of court.

Date: _____   _____
Signature