**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BAILEY SILVERMAN and** | § | |
| **LOUIS SILVERMAN** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| **V.** | § | **CASE NO. 4:10-cv-1952** |
| | § | |
| **WATSON LABORATORIES; INC.-** | § | |
| **Florida, and WATSON PHARMA, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE
A RESPONSIBLE THIRD PARTY PURSUANT TO
TEX. CIV. PRAC. & REM. CODE § 33.004 AND BRIEF IN SUPPORT**

COMES NOW, Defendant Watson Laboratories, Inc. (hereinafter "Defendant" or "Watson Laboratories"), and files this, its Motion for Leave to a Designate Responsible Third Party pursuant to Texas Civil Practice & Remedies Code § 33.004 and Brief in Support, and would show unto the Court the following:

**I.
Introduction**

This is a products liability case in which Plaintiff, Bailey Silverman, claims to have suffered injuries as a result of ingesting the prescription drug Taztia® (diltiazem hydrochloride). *See* Plaintiffs' First Amended Complaint, ¶ 5-16. Plaintiffs contend that the Taztia capsules Bailey Silverman ingested contained arsenic and they assert claims against Watson based on strict products liability, breach of implied warranty, negligence, and loss of consortium. *See id.* at ¶ 21-50.

---

**DEFENDANTS' MOTION FOR LEAVE TO DESIGNATE A RESPONSIBLE THIRD PARTY**        **Page 1**

## II.

## Designation of a Responsible Third Party

Section 33.004[1] of the Texas Civil Practice and Remedies Code provides a mechanism by which a "responsible third party" may be designated by a defendant in a lawsuit for purposes of determining proportionate responsibility.

### A.      This Motion is Timely

A responsible third party is defined as:

> Any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

TEX. CIV. P. & REM. CODE § 33.011(6); *see also*, *State Farm Lloyds v. Sunbeam Products, Inc.*, 2011 U.S. Dist. LEXIS 59540 (S.D. Tex. 2011).

Once such a designation is made pursuant to the above-quoted section, the individual so designated as a responsible third party is included, along with each claimant, defendant, and settling party, in the determination of responsibility by the trier of fact – that is, that the responsible third party is submitted to the jury along with the parties to the suit, where applicable. *See* TEX. CIV. PRAC. & REM. CODE § 33.003(a).

---

[1] Section 33.004(e) was renumbered and revised in H.B. 274 (the Tort Reform Act of 2011).  The effective date for the revised rule is September 1, 2011 and applies to cases filed after the effective date.  Thus, the new rule does not apply in this case.  The rule applicable here is that in effect prior to September 1, 2011.  In any event, in the Joint Discovery/Case Management Plan under Rule 26(f) submitted by the parties at Paragraph 6, Defendants identified the potential identification of a responsible third party stating: "Based on the nature of Plaintiffs' claims, discovery may reveal a potentially responsible third party or parties."   Discovery has only very recently revealed that plaintiffs' claims concern a component part of the medical product at issue in this case and the manufacturer of that component is a potentially responsible third party in this case.

A motion for leave to identify a responsible third party "must be filed on or before the 60th day before the trial date..." Tᴇx. Cɪv. P. & Rᴇᴍ. Cᴏᴅᴇ § 33.004(a).  Pursuant to the Amended Scheduling Order entered in this action, the final pretrial conference is set for March 30, 2012.   Thus, this motion is timely made.

**B.     Plaintiffs' Recently Identified the Capsule as Containing Arsenic and the Capsule Manufacturer, Capsugel®, is a Responsible Third Party Under Applicable Law.**

On August 31, 2011, Plaintiffs' provided their Objections and Responses to Defendant's Requests for Admissions and admitted that, "Although arsenic was found in both the capsule and the contents, the primary concentration of arsenic was found in the capsules."  *See* Plaintiffs' Response to Request for Admission No. 1.

Capsugel® is and was the manufacturer of the capsules used to contain the prescription  Taztia® during the time period relevant to Plaintiffs' claims.

On June 29, 2011 Plaintiffs provided their First Supplemental Response to Defendant's Request for Production which included purported laboratory testing results of both the product allegedly ingested by Plaintiff, Bailey Silverman and an exemplar product.   Those laboratory results are consistent with the Plaintiffs' admission concerning the alleged source of arsenic as the capsules, as opposed to the active ingredients or other contents of the capsule.[2]  Accordingly, Capsugel® is an entity that is alleged to have caused or contributed to causing the alleged harm in this case, is a responsible third party and should be designated as such in this case.

---

[2] While Watson disputes the findings of Plaintiffs' laboratory on a number of grounds which it anticipates addressing in a dispositive motion after completion of expert discovery, because these laboratory findings purportedly support the claims in this case, Watson believes these laboratory findings further support identifying Capsugel as a responsible party under Texas law.

### III.
### Texas Law on the Designation of a Responsible Third Party Applies

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), the United States Supreme Court held that a Federal Court addressing a diversity action must apply state substantive law but Federal procedural law.  The Court has gone on to clarify, in a line of cases starting with *Hanna v. Plumer*, 380 U.S. 460 (1965), that if a matter is covered by a Federal Rule, the federal courts must apply that rule regardless of whether it might be substantive or procedural. There is no Federal Rule of Civil Procedure corollary to *§33.004* regarding the designation of a responsible third party.  Courts in this circuit, including this Division, have found that "there is no conflict between designating responsible third parties under *§ 33.004* and *Rule 14* because *Rule 14* governs joining third parties, not designating them as responsible for the purpose of limiting the liability and damages of those who are parties to the suit." *Arvie v. Dodeka, LLC*, No. H-09-1076, 2011 U.S. Dist. LEXIS 48178 at * 9 (S.D. Tex. – Houston, May 4, 2011) (*citing e.g. Cortez v. Frank's Casing Crew & Rental Tools*, No. V-05-125, 2007 U.S. Dist. LEXIS 7986 (S.D. Tex. Feb. 2, 2007). *See also. Nels Cary, Inc. v. Day*, 2008 U.S. Dist. LEXIS 15928 (N.D. Tex. Feb. 29, 2008); *Kelly v. Pac. Cycle, Inc.*, 2007 U.S. Dist. LEXIS 88256 (N.D. Tex. Nov. 29, 2007)  (noting that numerous other Texas District Courts have applied section 33.004 and granted defendant's motion to designate a responsible third party); *Davis v. Dallas County*, 2007 U.S. Dist. LEXIS 58666 (N.D. Tex. Aug. 10, 2007); *Estate of Dumas v. Walgreens Co.*, 2006 U.S. Dist. LEXIS 88167 (N.D. Tex. Dec. 6, 2006); *Womack v. Home Depot USA, Inc.*, 2006 U.S. Dist. LEXIS 39449 (N.D. Tex. Apr. 14, 2006).

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant its Motion for Leave to Designate a Responsible Third Party – Capsugel® pursuant to Texas Civil Practice & Remedies Code § 33.004, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

_s/ Michael Walsh_____

**MICHAEL A. WALSH**
State Bar No. 00790146
**CAROL D. WILLIAMSON**
State Bar No. 00787385
**STRASBURGER & PRICE, LLP**
901 Main Street, Suite 4400
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (Facsimile)

Attorneys for Defendants
Watson Laboratories, Inc. - Florida
and Watson Pharma, Inc.

## CERTIFICATE OF SERVICE

This is to certify that on October 4, 2011, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

John T. Boundas
Craig Ribbeck

__s/ Michael A. Walsh_____
MICHAEL A. WALSH