IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BAILEY SILVERMAN and LOUIS SILVERMAN** | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § | CASE NO. 4:10-cv-1952 |
| **WATSON LABORATORIES, INC., FLORIDA WATSON PHARMA, INC., and CAPSUGEL, INC.** | § § § § § | |
| Defendants. | § § | |

### DEFENDANT CAPSUGEL, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

To support its Motion to Dismiss Plaintiffs' Second Amended Complaint under Rules 12(b)(6) and 15(a)(2) of the Federal Rules of Civil Procedure, the following brief is submitted by the Defendant Capsugel, Inc. ( "Capsugel" or "Defendant"):

### SUMMARY

Plaintiffs' Second Amended Complaint, which sets forth claims for strict liability, breach of the implied warranty of merchantability, negligence, loss of consortium, and exemplary and punitive damages should be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), because it fails to state a claim upon which relief may be granted. With the exception of the breach of the implied warranty of merchantability claim, each of Plaintiffs' claims are barred by the applicable statute of limitations and should be dismissed. Moreover, Plaintiffs' breach of implied warranty claim fails as a matter of law because plaintiffs did not meet the notice requirement and that claim should also be dismissed.

Additionally, Plaintiffs' Second Amended Complaint should be dismissed because Plaintiffs have attempted to join Capsugel to the suit more than ten months after this Court's deadline to do so and without seeking leave of this Court as required by FRCP 15(a)(2). Thus, the Second Amended Complaint is in direct violation of this Court's scheduling orders, and as such, is a nullity and should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

In late 2008, Plaintiff Bailey Silverman ("Ms. Silverman") allegedly began taking the prescription medication Taztia to treat her high blood pressure. *See* Second Amended Complaint, p. 5, ¶ 19. Soon thereafter, she was allegedly hospitalized for arsenic poisoning. *Id.*

On April 28, 2010 Plaintiffs filed their Original Petition in the 165th District Court of Harris County, Texas, Cause No. 2010-26916 against Watson Laboratories, Inc. and Florida Watson Pharma, Inc. (collectively, "Watson") for the personal injuries she allegedly sustained. Watson manufactures, distributes, and sells prescription medications. On May 13, 2010, Watson was served with this action. Watson removed the state court action to this Court on June 2, 2010. Plaintiffs filed their First Amended Complaint on December 21, 2010, again naming only Watson as Defendants. On October 4, 2011, Watson filed a motion to designate Capsugel as a responsible third-party. Pursuant to this Court's Scheduling Order entered on November 22, 2010 (Doc. 20), in the Amended Scheduling Order entered on September 9, 2011 (Doc. 31), and again in the Order Granting Motion to Modify Scheduling Order and Motion to Extend Discovery Deadlines entered on December 1, 2011 (Doc. 39), the deadline for any amendments to pleadings and the addition of new parties was February 1, 2011. Despite this deadline, Plaintiffs filed a Second Amended Complaint on November 17, 2011 attempting to add Capsugel

as a new defendant. For the reasons set forth below, Plaintiffs' Second Amended Complaint and all claims against Capsugel should be dismissed.

## LEGAL ARGUMENT

### A.     Legal Standard Under Rule 12(b)(6).

Under FRCP 12(b)(6), this Court must dismiss a complaint if the plaintiff fails to state a claim for which relief can be granted. To survive a motion to dismiss, the plaintiff must present sufficient facts that—when accepted as true—state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, - - - U.S. - - - 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To meet this pleading standard, the plaintiff must allege actual facts, not legal conclusions masquerading as facts. *Id*. at 1949-50. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

Moreover, the plaintiff's factual allegations cannot be speculative and must state a plausible claim for relief. *Id.* at 1965. To state a "plausible claim for relief" a plaintiff must state sufficient facts from which it is plausible to infer that the defendant engaged in actual misconduct. *Id.* at 1966.

While a court must accept plaintiff's factual allegations as true, it need not resolve unclear questions of law in favor of the plaintiff. *Kansa Reinsurance Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994). The court focuses on whether the plaintiff is entitled to offer evidence to support its claims, and the court does not address whether the

plaintiff will ultimately prevail on the merits. *Johnson v. Dallas Ind. School Dist.*, 38 F.3d 198, 199 (5th Cir. 1994). However, dismissal is proper when "even the most sympathetic reading of [the] plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

As shown below, when these standards are applied to Plaintiffs' Second Amended Complaint, it is evident that Plaintiffs' Second Amended Complaint should be dismissed under Rule 12(b)(6).

>    B.    **Plaintiffs' Strict Liability and Negligence Claims are Barred by Limitations.**

Plaintiffs' strict liability and negligence claims against Capsugel are barred by limitations and should be dismissed. A court may dismiss a claim pursuant to Rule 12(b)(6) when the plaintiff cannot recover on a cause of action because the statute of limitations has expired. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations…show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."). As alleged in the Second Amended Complaint, plaintiffs' claims relate to Bailey Silverman's alleged use of the prescription medication Taztia in "late 2008." *See* Plaintiffs' Second Amended Complaint, p. 5, ¶ 19.

Under Texas law, which applies to this diversity suit, a claim for personal injury must be brought "not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a). Plaintiffs' strict liability and negligence claims fall within this personal injury statute of limitations. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 16.012(a)(2)(B).

In cases involving the application of statutes of limitations, the general rule is that a cause of action accrues on the date of injury. *Martinez v. Humble Sand & Gravel, Inc.*, 860 S.W.2d 467, 470 (Tex..App.—El Paso, 1993), *rev'd on other grounds*, 875 S.W.2d 311.

According to the Second Amended Complaint, plaintiff Bailey Silverman was injured and hospitalized in late 2008.  Under the general limitations rule, her causes of action accrued on the date of injury, and thus would have expired in late 2010.  However, Plaintiffs did not add Capsugel as a party until November 17, 2011.

Once the suit was filed, plaintiffs had approximately eleven months to conduct discovery and identify other potential defendants before the statute of limitations ran.  Despite this, plaintiffs did not file suit against Capsugel until approximately one year after limitations expired.  Plaintiffs should not be allowed to evade the statute of limitations as a result of their lack of due diligence in identifying potential defendants to their action.  Accordingly, plaintiffs' claims based on strict liability and negligence are time-barred and should be dismissed.

**C.     Plaintiffs' Claim for Breach of the Implied Warranty of Merchantability Fails.**

Plaintiffs fail to establish critical elements of a breach of implied warranty cause of action.  To prove a breach under the Texas UCC, the plaintiff must establish that it gave the defendant notice of the breach, which provided the defendant with the opportunity to cure.  TEX. BUS. & COM. CODE  § 2.607(c)(1); *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 198-99 (Tex.App.—Houston [1st Dist.] 2003, *review denied*) ("[U]nder section 2.607(c)(1), a buyer is required to give notice of an alleged breach of warranty to a remote manufacturer").  Here, plaintiffs failed to give Capsugel the required statutory notice, and as such, they cannot prove their breach of the implied warranty of merchantability claim.  Accordingly, this cause of action fails as a matter of law and should be dismissed.

Moreover, in an action for breach of the implied warranty of merchantability under the Texas UCC, the plaintiff can only recover actual damages, not exemplary damages.  *Hyundai*

*Motor Co. v. Rodriguez ex rel. Rodriguez*, 995 S.W.2d 661, 668 (Tex. 1999); Tex. Bus. & Com. Code Ann. §§ 2.714(b)-(c), 2.715, 41.001(8). Thus, assuming Plaintiffs can recover under this Count (which should be dismissed), they cannot be awarded exemplary damages.

> **D.     Plaintiffs' Loss of Consortium Claim Fails as a Matter of Law.**

Loss of consortium is a wholly-derivative claim that owes its existence to the underlying claims and is subject to the same defenses that preclude those claims. *Motor Exp., Inc. v. Rodriguez*, 925 S.W.2d 638, 640 (Tex. 1996). Thus, to recover for loss of consortium, plaintiffs must prove that Capsugel is liable for strict liability, negligence, and breach of the implied warranty of merchantability. Because plaintiffs failed to bring their strict liability and negligence actions within the prescribed limitations period and because plaintiffs' breach of implied warranty action fails to establish the required elements, the derivative loss of consortium claim also must fail as a matter of law.

> **E.     Plaintiffs' Stand Alone "Cause of Action" for Punitive and Exemplary Damages (Count 5) is Improper and Must be Dismissed.**

Plaintiffs seeks a remedy without an underlying cause of action in its Count 5 wherein it requests the award of exemplary damages as a stand alone claim. Plaintiffs naked "cause of action" in which they seek nothing more than punitive and exemplary damages fails for two reasons.

First, there is no such thing in Texas as a separate cause of action for exemplary damages. *See Texas Nat. Bank v. Karnes*, 717 S.W.2d 901, 903 (Tex. 1986). Simply put, one cannot recover exemplary damages standing alone; there must be an underlying cause of action articulated before that remedy may be requested. No such cause of action is alleged in Count 5.

Second, the request lacks the allegation of any facts that would supporting such an award. To recover exemplary damages, Plaintiffs must assert specific facts amounting to fraud, malice, or gross negligence on the part of the defendant. Tex. Civ. Prac. & Rem. Code Ann. § 41.003(a). Because Plaintiff has failed to allege any such facts to support allegations of fraud, malice or gross negligence, Plaintiffs' separate Count 5 for exemplary damages should be dismissed.

**F.     Plaintiffs' Complaint is a Nullity Because Plaintiffs Violated this Court's Scheduling Orders and Ignored the Rules of Court.**

Assuming *arguendo*, that plaintiffs' claims against Capsugel are timely and do not fail for the reasons stated above, the Second Amended Complaint should be dismissed as a nullity because it does not comply with this Court's scheduling orders or the Federal Rules of Civil Procedure. This Court's scheduling orders required that any amendments to pleadings and addition of new parties be completed by February 1, 2011. (Doc. 20, ¶1). Plaintiffs ignored this Court's scheduling orders and filed their Second Amended Complaint attempting to join Capsugel more than ten months after this deadline had passed.

Plaintiffs had no right to add Capsugel as a matter of course and failed to obtain the required consent or leave of court. FRCP 15(a)(2) expressly provides that a party needs written consent or the court's leave before amending its pleadings when it cannot amend as a matter of course. FRCP 15(a); *see also*, *U.S. v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). Failure to do so renders the pleading a nullity. *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("Failing to request leave from when leave is required makes a pleading more than technically deficient …. The failure to obtain leave results in an amended complaint having no legal effect."). Here, plaintiffs could not amend as a matter of course because the deadline to add new parties had long passed. As such, plaintiffs were required to seek leave of

this Court before their Second Amended Complaint could be filed. However, plaintiffs filed their Second Amended Complaint on November 17, 2011 without leave of this Court in violation of both this Court's earlier Orders and the FRCP. Plaintiffs attempted addition of Capsugel is a nullity. Accordingly, the complaint against Capsugel should be dismissed.

### G.    Plaintiffs' Violations Unfairly Prejudice Capsugel.

The attempted joinder of Capsugel at this late stage in the case unfairly burdens and prejudices Capsugel. This case was filed on June 2, 2010. Discovery has been on-going for over a year and trial is set for May 2012, less than five months from now. Among other things, Capsugel has been prejudiced because it has been unable to participate in that discovery and would have little time to conduct its own discovery or prepare for trial, which is presently set for May. (Doc. 39). By contrast, there is no prejudice to plaintiffs as they are free to continue to pursue any legitimate and timely claims against defendant Watson.

### CONCLUSION

WHEREFORE, Capsugel respectfully requests that the Court enter judgment dismissing the Second Amended Complaint with prejudice, and granting such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: January 17, 2012.                    Respectfully submitted,

                  /s/ Margaret Donahue Hall
                Margaret "Peg" Donahue Hall
                Attorney-in-Charge
                State Bar No. 05968450
                Southern District of Texas Bar No. 639378
                SNR Denton US LLP
                2000 McKinney Avenue
                Suite 1900
                Dallas, Texas  75201
                (214) 259-0900 - *telephone*
                (214) 259-0910  - *facsimile*
                Peg.hall@snrdenton.com

                Of Counsel:
                Matthew T. Nickel
                State Bar No. 24056042
                Matt.nickel@snrdenton.com

                SNR Denton US LLP
                2000 McKinney Avenue
                Suite 1900
                Dallas, Texas  75201
                (214) 259-0900 - *telephone*
                (214) 259-0910  - *facsimile*

                **ATTORNEYS FOR CAPSUGEL, INC.**

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 17, 2012, I electronically transmitted the foregoing document to the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. A Notice of Electronic Filing was transmitted to all ECF registrants as authorized by Federal Rule of Civil Procedure 5(b)(2)(E).

                                                ___/s/ Margaret "Peg" Donahue Hall___
                                                Margaret "Peg" Donahue Hall