UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BAILEY SILVERMAN, *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> WATSON PHARMACEUTICALS, INC., *et al.*, § <br> § <br> *Defendants*. § | CIVIL ACTION H-10-1952 |

### ORDER

Pending before the court is defendant Capsugel, Inc.'s motion to exclude certain opinion testimony of Dr. Vincent Virgadamo. Dkt. 68. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is DENIED.

### BACKGROUND

Bailey Silverman was prescribed the blood pressure medication Taztia XT, which was manufactured by defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. (collectively the "Watson defendants") using gelatin capsules made by defendant Capsugel. She alleges that she suffered arsenic poisoning from elevated levels of arsenic present in the hard gelatin capsules. At one point Mrs. Silverman was admitted to the emergency room at St. Luke's Episcopal Hospital by Dr. Joseph Varon. Dr. Varon asked Dr. Vincent Virgadamo to consult on Mrs. Silverman's case, which he did. Plaintiffs disclosed Dr. Virgadamo as a testifying expert witness—a treating physician not retained to give expert testimony and not required to provide an expert report. Their designation read as follows:

> Dr. Virgadamo is a neurologist and one of Mrs. Silverman's treating physicians. He has been licensed to practice medicine in Texas for 32 years. He is a clinical instructor of neurology at The University of Texas Health Science Center in Houston,

>and a clinical assistant professor of neurology at The Baylor College of Medicine in Houston, Texas. Dr. Virgadamo's curriculum vitae is attached.
>
>Based on Dr. Virgadamo's education, training, experience, and the relevant facts, Dr. Virgadamo may testify factually and as an expert witness regarding [Mrs.] Silverman's neurological symptoms and impairment and his care and treatment of Mrs. Silverman. It is expected that Dr. Virgadamo will testify as to the severity of [Mrs.] Silverman's neuropathy and its effects on her lifestyle and daily activities.

Dkt. 88, Ex. B. The Watson defendants now move to exclude portions of Dr. Virgadamo's testimony.

## LEGAL STANDARD

The Supreme Court of the United States acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 serves as the proper standard for determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597–98, 113 S. Ct. 2786 (1993). Rule 702 provides:

>If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93; *Kumho Tire v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir.2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss*, 571 F.3d at 452. Nonetheless, courts need not admit testimony that

is based purely on the *ipse dixit* of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592–93; *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of her opinion reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for her testimony to be relevant. *Daubert*, 509 U.S. at 593; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *See* Fed. R. Evid. 104(a); *Moore*, 151 F.3d at 276. The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

## ANALYSIS

Capsugel argues that Dr. Virgadamo should not be allowed to testify that arsenic caused Mrs. Silverman's neuropathy because plaintiffs did not designate Dr. Virgadamo as an expert in causation. Capsugel further argues that it had no time to prepare to depose Dr. Virgadamo on the subject of causation because plaintiffs' designation gave them no warning. Plaintiffs respond that Dr. Virgadamo's diagnosis—that her particular type of neuropathy was caused by arsenic—fits squarely into their designation because it was an integral part of the treatment he gave her during her stay at the hospital. Moreover, they contend that none of the defendants could have been surprised by Dr. Virgadamo's testimony because they had all of Mrs. Silverman's records from her hospital stay, including the records from Dr. Virgadamo. The court agrees. Dr. Virgadamo is allowed to testify regarding his diagnosis and treatment of Mrs. Silverman, including the tests he did and the conclusions he drew as to the source of her particular neuropathy.

## CONCLUSION

Pending before the court is defendant Capsugel, Inc.'s motion to exclude certain opinion testimony of Dr. Vincent Virgadamo. Dkt. 68. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on April 8, 2013.

_____
Gray H. Miller
United States District Judge