UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAILEY SILVERMAN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-1952 |
| | § | |
| WATSON PHARMACEUTICALS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the court is defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. (collectively the "Watson defendants") motion to exclude expert testimony of Dr. Ernest Lykissa. Dkt. 78. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is DENIED.

### BACKGROUND

Bailey Silverman was prescribed the blood pressure medication Taztia XT, which was manufactured by defendants Watson Pharmaceuticals, Inc. and Watson Pharma, Inc. (collectively the "Watson defendants") using gelatin capsules made by defendant Capsugel. She alleges that she suffered arsenic poisoning from elevated levels of arsenic present in the hard gelatin capsules. A few months before filing suit, plaintiffs sent Mrs. Silverman's remaining Taztia XT to Kappa Laboratories for arsenic testing. Dkt. 93. Kappa, in turn, sent the pills to Advanced Environmental Laboratories, who performed the testing. *Id.* Plaintiffs retained Dr. Lykissa as a toxicology expert in this case. Dkt. 89. Dr. Lykissa reviewed, among other things, the laboratory results from Kappa/AEL and their quality controls, and Mrs. Silverman's medical records. *Id.* at Ex. A. He

opined that Mrs. Silverman suffered from arsenic poisoning caused by the Taztia XT capsules she ingested. *Id.* The Watson defendants now move the court to exclude Dr. Lykissa's testimony where it relies upon the testing performed by Kappa/AEL. Dkt. 78.

## LEGAL STANDARD

The Supreme Court of the United States acknowledged in *Daubert v. Merrell Dow Pharmaceuticals* that Federal Rule of Evidence 702 serves as the proper standard for determining the admissibility of expert testimony. *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597–98, 113 S. Ct. 2786 (1993). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion, or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Under *Daubert*, a trial court acts as "gatekeeper," making a "preliminary assessment of whether the reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93; *Kumho Tire v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167 (1999); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243–44 (5th Cir.2002). *Daubert* and its principles apply to both scientific and non-scientific expert testimony. *Kumho Tire*, 526 U.S. at 147. Experts need not be highly qualified to testify, and differences in expertise go to the weight of the testimony, rather than admissibility. *Huss*, 571 F.3d at 452. Nonetheless, courts need not admit testimony that is based purely on the *ipse dixit* of the expert. *Gen. Elec. Co. v. Joinder*, 522 U.S. 136, 146, 118 S. Ct. 512 (1997); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

In addition to being qualified, an expert's methodology for developing the basis of his or her opinion must be reliable. *Daubert*, 509 U.S. at 592–93; *Moore*, 151 F.3d at 276. Even if the expert is qualified and the basis of her opinion reliable, the underlying methodology must have also been correctly applied to the case's particular facts in order for her testimony to be relevant. *Daubert*, 509 U.S. at 593; *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007). The party proffering expert testimony has the burden of establishing by a preponderance of the evidence that the challenged expert testimony is admissible. *See* Fed. R. Evid. 104(a); *Moore*, 151 F.3d at 276. The proponent does not have to demonstrate that the testimony is correct, only that the expert is qualified and that the testimony is relevant and reliable. *Moore*, 151 F.3d at 276.

## ANALYSIS

The Watson defendants contend that Dr. Lykissa's testimony is unreliable because (1) he cannot independently verify the scientific method used by Kappa/AEL; (2) Kappa/AEL failed to speciate the results; and (3) he admits that other causes are possible. Plaintiffs counter that experts are not required to run all of their own tests in order to testify reliably. They further contend that Kappa/AEL's failure to speciate the arsenic results does not effect the reliability of the result itself. And, they argue that the Watson defendants take one snippet of deposition testimony out of context and attempt to rebut all of Dr. Lykissa's other well-supported statements regarding causation. Last they urge the court that all of the Watson defendants' arguments go to the weight of the testimony, not its admissibility. In this they are correct. Each of the Watson defendants' arguments goes directly to the level of credibility a jury should give Dr. Lykissa's testimony. Therefore, the Watson defendants' motion is DENIED.

3

## CONCLUSION

Pending before the court is the Watson defendants' motion to exclude expert testimony of Dr. Ernest Lykissa. Dkt. 78. Upon consideration of the motion, the response, the reply, and the applicable law, the motion is DENIED.

Signed at Houston, Texas on April 9, 2013.

_____
Gray H. Miller
United States District Judge